NAUFLET BROWN V. STATE

No. 25316. May 30, 1951.

Hon. Joe L. Mays, Judge Presiding.

*William C. McDonald,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public

highway while intoxicated, the punishment having been assessed by the jury at a fine of $50.

Following his arrest, appellant was taken to a hospital where a blood specimen was taken from him.

The specimen was drawn by a nurse in the presence of W. A. Martin, a police officer, who testified that it was placed in a tube by the nurse and left at the hospital.

The nurse did not testify.

Dr. Hershberger, a physician and surgeon, testified that the blood specimen was called to his attention by Anne Evans, a laboratory technician in his employ, after it had been labeled with the name N. Brown and sealed with paraffin, and that he sent it to Austin for analysis.

Floyd E. McDonald, chemist for the Texas Department of Public Safety, testified over objection that the specimen received by mail from Dr. Hershberger and labeled with the name of N. Brown contained 3.6 milligrams of alcohol per cc.

Dr. Hershberger testified that 1.5 milligrams of alcohol per cc., or more, in the blood would render a person intoxicated.

The results of the blood test were admitted over the objections: (1) that it had not been shown that the specimen examined by the chemist was taken from appellant; (2) that the specimen was taken from appellant without his voluntary consent and by coercion and persuasion; (3) that such specimen was taken without the warning required under the confession statute having been given and while appellant was in custody; and (4) that the admission of evidence as to the results of the test would be tantamount to compelling the accused to give evidence against himself.

We think that the first ground of objection must be sustained. The evidence shows that the specimen was taken by a nurse at the hospital, but there is an absence of any legal proof that the specimen taken by the nurse was the same specimen which was forwarded by Dr. Hershberger to the Texas Department of Public Safety at Austin. The doctor's testimony, excluding the hearsay statements offered over objection, is not sufficient to establish such fact.

The evidence shows that the blood which was taken from appellant was taken with his consent at a hospital, and by a nurse. And there is no contention that the most approved method of doing so was not applied, or that the nurse was not fully qualified to extract blood in a safe manner.

When so taken by competent and trained nurses, doctors or laboratory technicians with the consent of one whose state of sobriety is questioned, the results of the test thereof may be shown by the state or by the accused. Consent being shown, the provisions of the 5th Amendment to the Constitution of the United States and Art. I, Sec. 10 of the Constitution of Texas, providing that no person shall be compelled to give evidence against himself, are not violated in the taking of blood for analysis, and the proof of the result of the test.

The purpose of Art. 727, C.C.P., is to prevent the use of verbal statements in the nature of a confession made by an accused while under arrest, and which do not come within the exceptions named in the statute.

Being a matter of statute only, the provisions of said Art. 727, C.C.P., requiring that the accused be warned before the confession is made, has no application to the obtaining of his consent for blood to be taken for the purpose of analysis.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.