James Claud FLETCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 37117.

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

**932**

William C. McDonald, Jr., Fort Stockton, for appellant.

Harrell Moore, County Atty., Midland, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge

The offense is drunk driving; the punishment, 30 days in jail and a fine of $100.

The statement of facts is in narrative form. It was approved by the trial judge, counsel for the state and the appellant's counsel having failed to agree upon a statement of facts.

The appellant presents to this Court a motion praying for the issuance of writ of mandamus directing the trial judge to approve his bill of exception denominated Supplemental Bill of Exception No. 1, which complains of the court's refusal to approve the statement of facts prepared by the defendant.

We overrule the motion.

The trial judge appears to have acted in accordance with the statute upon the failure of the state and the defendant to agree upon a statement of facts. Art. 759a, Sec. 1(E) Vernon's Ann.C.C.P.

Had the defendant desired to complain by bill of exception he could have done so by filing his bill with the clerk as provided in Art. 760d V.A.C.C.P.

The evidence is sufficient to sustain the jury's finding that the appellant drove a pickup truck on a public highway in Midland County, as alleged in the information.

Texas Highway Patrolman K. B. Blanchard testified that he noticed a pickup truck which appeared to be speeding and he gave chase; that he noticed the pickup weaving back and forth in the two east bound traffic lanes of traffic and stopped it.

He further testified that, based upon his driving, his unsteady walk, the fact that he smelled alcohol on his breath, and his tongue was thick, the appellant, who was the driver of the pickup truck, was, in his opinion intoxicated.

Wayne Merritt, chemist and toxicologist, testified that a urine specimen taken from the appellant was found to contain 0.29 percent alcohol by volume; that such concentration indicated that the person who gave it was intoxicated at the time he gave it.

The appellant testified that he was not drunk but admitted that he had four beers— "could have been six"—at a Tavern where he had been for several hours. He called

other witnesses who were at the Tavern who testified that he was not drunk.

The jury resolved the issue against the appellant and the evidence is sufficient to sustain the verdict.

By formal bills of exception the appellant presents four claims of error.

■ Bill No. 1 complains that the trial court erred in admitting in evidence the specimen of urine, over the objection that Officer Blanchard promised the appellant that he would not be prosecuted if the specimen showed him not to be intoxicated, for which reason he gave the specimen. We see no error.

The confession statute is not applicable. Brown v. State, 156 Tex.Cr.R. 144, 240 S.W. 2d 310.

■ The remaining bills of exception relate to the testimony of Wayne Merritt, chemist and toxicologist. Bill No. 2 complains that he was permitted to testify "as to the effect that certain percentages of alcohol would have on the accused." Bill No. 3 complains of his testimony "as to works and publications not before the court." Bill No. 4 complains that the state was permitted to re-open its case and allow the introduction in evidence of a blackboard containing drawings and writings indicating the effect of alcohol on the human body about which the witness Merritt had testified. Neither of these bills of exception is sufficient to show error.

The witness Merritt testified that he had a B.S. Degree in Chemistry and had had two years training concerning the effect of alcohol on the human body. As a part of his training he had observed the effect of alcohol on the human body in actual tests he had run himself on individuals who had consumed alcoholic beverage.

He further testified that in his studies in this field he was familiar with the findings of the National Safety Council and the American Medical Association, and that the results of the tests he had run were in agreement with their findings that all persons are intoxicated who have a concentration of .10 percent alcohol by volume, or more, in their system.

No reversible error appearing, the judgment is affirmed.