

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 23, 1966

Honorable Homer Garrison, Jr.      Opinion No. C-766
Director, Texas Department of
   Public Safety                  Re: Questions relat-
North Austin Station                   ing to taking blood
Austin, Texas                          samples from a per-
                         son suspected of
                         driving while under
                         the influence of in-
Dear Sir:                              toxicating beverages.

In your opinion request you state:

"Recently this Department has been
having difficulty in securing qualified
persons for the purpose of securing
blood samples in cases where motor veh-
icle operators are suspected of driv-
ing while under the influence of intox-
icating beverages."

You then ask the following three questions:

"1. In those cases where the sub-
ject has consented to a blood test and a
doctor is not available or refuses to
take the blood from the subject so that
it may be transmitted to a laboratory
for testing, may a registered nurse take
the blood from the subject without vio-
lating Texas laws?"

"2. In a situation similar to No. 1,
may a hospital technician or laboratory
technician take the blood from the subject
without violating Texas laws?"

"3. Is it necessary in Texas to get
the consent of the subject before tak-
ing a sample of his blood if the officer
has probable cause to believe that the
said subject is guilty of driving while
intoxicated in violation of Articles 802,
802b or 802e, V.P.C.?"

-3681-

For obvious health and evidentiary reasons, the person secured for the purpose of taking blood samples must be qualified. We assume, therefore, that your question #1 and your question #2 are directed as to whether or not the persons enumerated therein are qualified.

The answer to both of these questions is, as a class, yes. In Brown v. State, 240 S.W.2d, 310 (Tex.Crim.1951), the Court, speaking of blood tests, said:

> "When so taken by competent and trained nurses, doctors or laboratory technicians with the consent of one whose state of sobriety is questioned, the results of the test thereof may be shown by the state or by the accused. . . ."

Of course, the persons named in these two questions, i.e., registered nurses, laboratory technicians and hospital technicians, must individually be competent and trained, and it is a question of fact as to whether or not they, as individuals, actually are.

The answer to your question #3 is yes. The Court in Trammell v. State, 287 S.W.2d 487 (Tex. Crim. 1956) on these facts:

> "Officer Curtis testified that he investigated a collision and sent the appellant to the hospital in an ambulance, that he proceeded to the hospital and there saw a doctor take a sample of blood from the appellant's arm. When the State called Dr. Mason, the toxicologist, the appellant objected to his testimony as to the results of the blood test on the grounds that the State had failed to prove that the sample of blood was taken with the appellant's consent. The objection was overruled, and we have concluded that the trial court erred in so ruling. The appellant testified that he was unconscious when he

> arrived at the hospital, and there is
> nothing in the record to refute such
> testimony."

held:

> "The State having failed to show
> that the specimen was taken with the
> consent of the appellant, the testimony
> of Dr. Mason was not admissible."
> (Emphasis supplied)

The Court, relying upon the decision of the
Brown case, supra, said:

> "Consent being shown, the provisions
> of the 5th Amendment to the Constitution
> of the United States and Art. 1, Sec. 10
> of the Constitution of Texas, Vernon's
> Ann.St.Const., providing that no person
> shall be compelled to give evidence
> against himself, are not violated in the
> taking of blood for analysis, and the
> proof of the result of the test."

It is thus clear that the Court of Criminal
Appeals held that the taking of blood from an accused
without his consent in a case such as this was a vio-
lation of the Fifth Amendment to the United States
Constitution and of Article I, Section 10, of the
Texas Constitution.

We are not unmindful of the recent decision
by the United States Supreme Court in Armando Schmeber
v. State of California, 384 U.S. 757 (1966), where
the Court held that the taking of blood without the
consent of the accused, where probable cause was
shown, did not violate the provisions of the Consti-
tution of the United States; however, this action by
the Supreme Court of the United States does not alter
the fact that the Texas Court of Criminal Appeals has
held that such action does violate our State consti-
tution. This is a case in which our court has con-
strued our constitution as affording more protection
to an accused than has the United States Supreme
Court in construing the United States Constitution.

Honorable Homer Garrison, page 4 (C-766)

S U M M A R Y

In those cases where a subject has consented to a blood test and a doctor is not available, or refuses to take the blood from the subject, a qualified registered nurse, hospital technician or laboratory technician may take the blood from the subject. It is necessary, in Texas, to get the consent of the subject before taking a sample of blood.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Thomas W. Mack
Sam Kelley
John Reeves
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright