

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 13, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77701

Opinion No. H- 736

Re: Legality of non-consensual
taking of blood from a suspect
for evidentiary purposes and
civil liability of physician who
extracts the blood.

Dear Mr. Hanna:

You have submitted three questions to us:

> 1. May a blood sample be legally taken for
> evidentiary purposes without a suspect's consent?

> 2. May a physician legally extract blood
> from a non-consenting suspect at the request of
> a law enforcement officer?

> 3. In absence of negligence, is a physician
> placed under possible civil liability by extracting
> blood from a non-consenting suspect at the re-
> quest of a law enforcement officer?

You indicate that your concern involves traffic-related offenses, and our opinion is so limited.

With reference to your first question, it is now amply established that there is no federal constitutional prohibition against the taking of blood from a suspect without his consent provided that it is taken by a physician in hospital surroundings and according to accepted medical practices. Schmerber v. The State of California, 384 U.S. 757 (1966).

In 1956 the Texas Court of Criminal Appeals held that, in the absence of consent, the taking of a blood sample was a violation of constitutional rights under article 1, section 10 of the Texas Constitution and the results were inadmissible. Trammell v. State, 287 S.W.2d 487 (Tex. Crim. App. 1956) relying

upon <u>Brown v. State</u>, 240 S. W. 2d 310 (Tex. Crim. App. 1951).

However, in <u>Olson v. State</u>, 484 S. W. 2d 756 (Tex. Crim. App. 1969) the Court of Criminal Appeals held that <u>Trammell</u> had been erroneously decided and concluded, as dictum "that compelling a blood test if taken under conditions which comply with due process, does not constitute requiring an accused to give evidence against himself." The court in <u>Olson</u> recognized that even in the absence of constitutional limitations it would continue to be necessary to comply with statutory provisions. The Court referred to then article 802f of the Penal Code which is now found as article 6701l-5 V. T. C. S. That statute, enacted in 1969 provides, in part, that a person operating a motor vehicle upon the public highways of the State shall be deemed to have given consent to a breath analysis for the purpose of determining the alcoholic content of his blood. It goes on to say:

> A person so arrested may consent to the taking of any other type of chemical test, or tests, to determine the alcoholic content of his blood, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highway of his state, to have given consent to any type of chemical test other than a chemical test, or tests, of his breath. . . .

We therefore conclude that, while there is no constitutional limitation, the statutes indicate that a blood sample may not be taken legally from an arrested person without his consent. The answer to your first question is in the negative.

With reference to your second and third questions, section 3(c) of article 6701l-5 provides, in part:

> When a person shall submit to a blood test at the request of a law enforcement officer under the provisions of this Act, only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse, under the supervision or direction of a licensed physician may withdraw blood for the purpose of determining the alcoholic content therein. The sample must be taken by a physician or in a physician's office or hospital licensed by the Texas Department of Health. This limitation

> shall not apply to the taking of breath specimens.  <u>The person drawing blood at the request of a law enforcement officer under the provisions of this Act, or a hospital where the person is taken for the purpose of securing the specimen, shall not be held liable for damages arising from the request of the law enforcement officer to take the specimen as provided herein, provided the blood was withdrawn according to recognized medical procedures, and provided further that the foregoing shall not relieve any such person from liability for   negligence in the withdrawing of any blood sample.</u> . . .

The submission of consent of the suspect is a necessary prerequisite before the non-liability provision of the Act becomes operable, since consent is one of "the provisions of [the] Act" and the physician must withdraw the blood "under the provisions of [the] Act" to escape possible liability.

Thus, where there is no consent by the suspect in a traffic related offense, there can be no legal withdrawal of his blood and the doctor extracting this blood is not per se protected by the non-liability portion of the statute. A physician, however, need not prove <u>actual</u> consent to avoid liability, in our opinion.  If he reasonably relies upon the appearance of consent, he will not be liable for extracting the suspect's blood even if actual consent was never given. Reliance upon the representations of an officer in the matter may very well be reasonable in particular situations, depending upon the facts there involved.

Accordingly, your second and third questions are answered as follows: a physician may not extract blood from a suspect at the request of a law enforcement officer where there is no apparent consent, and the physician would face possible civil liability for the withdrawal of the blood.

### SUMMARY

A blood sample cannot be legally taken without the consent of a person suspected of a traffic related offense.  Without apparent consent, a physician taking the sample could be subject to civil liability.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3133

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: