**Haskell Max KEENAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0222–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 17, 1985.

---

**2.** It more correctly should have been presented as per *Cobarrubio, supra.*

Phil Jordan, Amarillo, for appellant.

Jeff Burch, County Atty., Stratford, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Haskell Max Keenan appeals from his conviction of driving while intoxicated and the consequent jury-assessed punishment of forty-five days confinement in the Sherman County jail and a fine of $500.00. In two grounds of error, appellant contends that (1) the evidence was insufficient to support the verdict of guilty in that the State failed to prove beyond a reasonable doubt that appellant was driving and operating a motor vehicle upon a public road or highway at the time of the alleged offense, and (2) the trial court erred in admitting into evidence a blood sample because the chain of custody was not proven prior to its admission and was, in fact, never proven at all. We affirm the conviction.

On December 20, 1983, at approximately 10:00 p.m., appellant was observed sitting behind the wheel of a motor vehicle parked at least partially on the main traffic lane of State Highway 54 in Sherman County, Texas. Appellant was unresponsive to the honks of a passing motorist who then left to seek help. Shortly thereafter, Marshall Smiley from Texhoma, Oklahoma arrived at the scene to investigate and parked his car behind appellant's pickup truck. At some time subsequent to his arrival, another vehicle struck the Marshall's car killing the Marshall and injuring appellant. After medical personnel arrived at the accident scene, a blood alcohol test was conducted on appellant which indicated an alcohol level of 0.20 percent by weight.

In his first ground of error, appellant challenges the sufficiency of the evidence to support the verdict. The version of article 6701*l* –1, Texas Revised Civil Statutes Annotated (Vernon 1977), in effect at the time of this incident, proscribed that the offense of driving while intoxicated be committed by one who drives or operates a motor vehicle upon any public road or highway while such person is intoxicated. Appellant contends, in particular, that the State failed to prove by circumstantial evidence that appellant was driving the motor vehicle at any time prior to the collision, or in other words, that he was actually driving at the time he was intoxicated. In reviewing the circumstantial evidence in this case in the light most favorable to the verdict, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

In the evidence before us is the testimony of Reverend Jerry Hunter who, on the date in question, observed a pickup truck sitting predominantly in the traveling lane of Highway 54 with its lights on. A figure was sitting in the vehicle slumped towards

the steering wheel. Reverend Hunter honked his horn several times but was unable to get any response from the person behind the wheel. He then left the scene to summon help but later returned. During one of his sightings of the vehicle, though he is unsure which one, Reverend Hunter testified he saw exhaust fumes coming out of the tailpipe. Deputy Don Owens, who arrived at the scene after the collision, identified appellant as the man sitting behind the wheel of the pickup truck. James Michael Coffey, who was on volunteer duty that night with the Texhoma Ambulance Service, also identified appellant as the person he observed sitting in the pickup when he arrived at the accident scene.

As noted above, the main issue for our resolution is whether appellant was, in fact, *driving* while he was intoxicated. Appellant, in his oral argument, cites us the case of *Sinast v. State*, 688 S.W.2d 631 (Tex. App.—Corpus Christi 1985, no pet.) as authority for his argument that the evidence is insufficient to support that proposition. In that case, the vehicle was found in a ditch, and defendant was seen walking towards the vehicle. The Court found the evidence to be insufficient, but did so by stating that there was no evidence that the engine of the vehicle was hot or that the car was smoking. *Id.* at 632. A similar case is that of *Johnson v. State*, 517 S.W.2d 536, 538 (Tex.Crim.App.1975), in which the Court found that the evidence failed to support the contention that the defendant drove while intoxicated because there was no evidence of how recently the vehicle had been driven, such as a hot engine.

■ In the case before us, Reverend Hunter testified that the vehicle was parked predominantly on the road with its lights on and that, on at least one occasion, he saw exhaust coming from the tailpipe of the vehicle. He further testified that it only took him a couple of minutes to return to town where he summoned help and that he then returned to the scene of the accident. Thus, the time lapse between his

first and second sightings of the vehicle was presumably not great. Based on this testimony, we find that the evidence was sufficient for the jury to have concluded beyond a reasonable doubt that appellant operated the vehicle during the period of intoxication.

Many of the cases appellant has cited to us deal with the issue of whether appellant was the driver of the car as opposed to some other person. In this case only one individual was seen in the vehicle both before and after the accident, and appellant was positively identified as sitting in the pickup after the collision. Nothing in the record indicates any other person who could possibly have been the driver. The Court in *Thomas v. State*, 162 Tex.Cr.R. 268, 283 S.W.2d 933, 934 (1955) stated, "We deem the evidence sufficient to show that appellant was the driver of the automobile in that the testimony shows he was in the car slumped over the steering wheel after the collision and that no other person was in the automobile with him either immediately before or after the collision." The situation before us is distinguishable from that in *Avants v. State*, 170 Tex.Cr.R. 307, 340 S.W.2d 817 (1960), cited to us by appellant, since in that case there was no testimony that the defendant was alone in the vehicle prior to the collision. Again, we find the evidence sufficient to show appellant was the driver of the vehicle. Appellant's first ground of error is overruled.

In his second ground of error, appellant challenges the admissibility of a vial containing blood taken from appellant because the chain of custody was not properly established prior to its admission. We have previously held that "in order to establish reliability sufficient to justify the admission in evidence of the results of a test such as this is, the State must show that the blood sample tested was the one actually drawn from the suspect as well as the proper chain of custody of that sample." *Lynch v. State*, 687 S.W.2d 76, 78 (Tex. App.—Amarillo 1985, pet. requested). While appellant has not specifically claimed error in the admission of the results of a

test conducted on the contents of that vial, the same standard would be applicable. In *Lynch*, there was no testimony that anyone observed the blood sample being taken. The only evidence was that the doctor ordered a sample, a nurse drew the sample, and the results of that sample were admitted into the record. We found that the chain of custody was not properly established.

The facts in this case are distinguishable. The blood sample was taken from appellant by Dr. Steve Del Judice in an ambulance at the scene of the accident. Highway Patrol Trooper Gary Davis testified that he gave a blood alcohol specimen kit to the doctor for that purpose and then left the ambulance to conduct his investigation of the accident. He later returned and received from the doctor a vial containing blood. Apparently, it is the time period during the trooper's absence from the ambulance that appellant finds most objectionable. Dr. Del Judice did not testify, but Linda Montoya, a volunteer Emergency Medical Technician, did testify that she assisted Dr. Del Judice in extracting blood from appellant into the vial given to him by a law enforcement officer. She further testified that after extraction, the doctor gave the vial back to the officer. Trooper Davis testified that he placed the vial he received from Dr. Del Judice in the glove compartment of his car until he hand-delivered it to Mr. Murphy (Trooper Davis referred to him as Dale Murphy although his name in the record was Roy), a chemist with the Amarillo District Office of the Department of Public Safety. Mr. Murphy testified that he received the blood vial from Gary Davis. He also testified that he knew that the vial offered into evidence was the same one he received from Gary Davis because the laboratory number assigned to it was unique. These facts sufficiently establish that the sample offered into evidence was the same one extracted from appellant.

The case at bar is also distinguishable from the case of *Brown v. State*, 156 Tex. Cr.R. 144, 240 S.W.2d 310 (1951) cited to us by appellant. In *Brown*, the sample was drawn by a nurse who did not testify. A police officer did testify that he saw a blood sample drawn, placed in a tube, and left at the hospital. Later, a physician had a vial labeled with the name of N. Brown drawn to his attention by another employee, and he sent it to Austin for analysis. No one could testify in that case that the vial was in his custody or control during the time it remained at the hospital or that the vial was the same vial containing the blood extracted by appellant. Under the facts currently before us, the testimony of Linda Montoya, Gary Davis, and Roy Murphy sufficiently establishes the custody of the vial containing appellant's blood sample at all times. We overrule appellant's second ground of error that the chain of custody was not established prior to admission of the exhibit.

There being no reversible error, the judgment of the trial court is affirmed.