Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



PATRICK ASH,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00046-CR

Appeal from the

County Court at Law No. One

of El Paso County, Texas

(TC# 20020C18141)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of marihuana
in an amount of two ounces or less. The court assessed punishment at a fine of $750. We
affirm.
I. SUMMARY OF THE EVIDENCE
           The evidence at trial revealed that on November 22, 2002, at about 9:14 p.m., Officer
Adrian Armendariz and Officer Jon Eric Romero of the El Paso Police Department observed
two vehicles traveling westbound as the officers traveled eastbound on James Watt Street. 
The vehicles were traveling side-by-side on a two-lane, two-way road. As the vehicle that
Appellant was driving was on the wrong side of the road, they stopped that vehicle. Officer
Romero saw two passengers in the vehicle. As he approached them, he noticed a slight odor
of marihuana. Warrant checks were run on all the occupants of the car and the check
revealed that Appellant’s driver’s license was suspended and he was arrested for driving with
a suspended driver’s license. The officers performed a quick pat-down search for weapons
before placing him in the car, and they found nothing.
           Upon arrival at the police station, Officer Romero performed a thorough search of
Appellant and a baggie of marihuana was found in the insole of his left shoe. Officer
Romero testified that he weighed the marihuana and did the requisite paperwork. He tagged
the marihuana exhibit, put it in an envelope, and put it in the narcotics locker to be picked
up and tested.
           Rafael Tamez, a police toxicologist with the El Paso Police Department crime lab,
testified that at the time he received the envelope, he placed his initials on both the envelope
and the bag which contained the substance. He brought the envelope, identified as State’s
Exhibit 1, to court. Tamez testified that he tested the substance and it proved to be
marihuana. The exhibit was not admitted into evidence.
           The witness was then asked by the prosecutor for the name of the person from whom
the marihuana was seized, and Appellant objected on the ground of hearsay. The prosecutor
then established the business record predicate for the chain of evidence form and offered that
form into evidence. Appellant objected that the form was not a business record in that it was
a police report being utilized for the purpose of litigation. Appellant’s objection was
overruled and the form was admitted as State’s Exhibit 2. The writing on the form included
Appellant’s name, the date of the offense and the police case number. It showed the results
of Tamez’s tests--that the substance was marihuana weighing 0.21 ounces.
           The prosecutor then offered another chain of evidence form into evidence as State’s
Exhibit 3. Appellant objected that the form was hearsay. Tamez testified that the form was
the chain of evidence form that was submitted with the marihuana to the lab, and that State’s
Exhibit 3 was the first page of the form, and State’s Exhibit 2 was the second page of the
form. The trial court sustained Appellant’s objection because the writing on the form did not
belong to Tamez and State’s Exhibit 3 was not admitted into evidence at that time. Tamez
then testified over Appellant’s objection that the name on State’s Exhibit 2 was Patrick Ash. 
           The State then rested. Appellant then moved for a directed verdict stating that the
State had failed to prove the chain of evidence and that there was no evidence that the
substance Tamez tested was actually the substance seized from Appellant. The trial court
made an inquiry to determine if Tamez had testified as to the weight of the marihuana and
the State responded that the weight was on the chain of evidence form. The court also
questioned if the marihuana had been affirmatively linked to Appellant. The prosecutor
responded that the information was on State’s Exhibit 3 which the court had not allowed into
evidence. The prosecutor asked for permission to reopen the case to allow Tamez to testified
regarding the chain of evidence. The court then adjourned for the day.
           The next day, after hearing argument from both parties, the court overruled
Appellant’s objections and allowed the State to reopen. Officer Romero testified that when
he took possession of the marijuana from Appellant, he weighed it, he put the case number
on the envelope, the date, his ID number and then the envelope was sealed and his initials
were placed on both sides of the envelope. The envelope was then placed in the narcotics
locker. Officer Romero was then shown State’s Exhibit 3 and he identified it as the first
page of the chain of evidence form that he filled out and had attached to the envelope with
the marihuana seized from Ash. Over Appellant’s objection, the court admitted State’s
Exhibit 3 into evidence. Officer Romero testified that State’s Exhibit 3 demonstrated that
the substance was tested and that it was marihuana weighing 5.84 grams. The form also
indicated that the witness had written his initials, demonstrating that he was the submitting
officer.
           Rafael Tamez then testified that the weight of the marihuana in the envelope was 0.21
ounces which was a usable quantity of marihuana. The State rested.
II. DISCUSSION
           In Issue No. One, Appellant contends that the evidence was legally insufficient to
support the conviction. Specifically, Appellant asserts that no one testified regarding the
weight of the marihuana or that it was a usable amount. Appellant also argues that the State
failed to connect the marihuana that was found by Officer Romero on Appellant to the
marihuana that was tested by Rafael Tamez.
           In reviewing the legal sufficiency of the evidence, we are constrained to view the
evidence in the light most favorable to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the application
paragraph of the charge to the jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim.
App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987). More
particularly, sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 239-40 (Tex. Crim. App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843 (quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d). In
assessing the sufficiency of the evidence, the reviewing court must consider all the evidence
that was before the jury, whether rightly or wrongly admitted. Nelson v. State, 893 S.W.2d
699, 704 (Tex. App.--El Paso 1995, no pet.).
           Regarding the weight of the marihuana, there was direct evidence from Officer
Romero that the marihuana weighed 0.265 ounces. The police toxicologist, Rafael Tamez,
testified that the marihuana weighed 0.21 ounces. It was incumbent upon the State to prove
that the marihuana weighed two ounces or less. We find that there was direct evidence
concerning the weight of the marihuana.
           It was also necessary for the State to prove that the marihuana was of a usable
quantity. Lejeune v. State, 538 S.W.2d 775, 777-78 (Tex. Crim. App. 1976). Rafael Tamez
testified that the amount of marihuana seized from Appellant was a usable quantity. The
evidence is sufficient with regard to that element of the offense.
           Next, Appellant asserts that the State failed to prove that the marihuana tested by
Rafael Tamez was the same marihuana seized from Appellant. Therefore, the evidence was
insufficient to prove that he possessed the marihuana.
           In order for the results of an item tested in a laboratory to be admissible in evidence,
a proper chain of custody must be established. Penley v. State, 2 S.W.3d 534, 537 (Tex.
App.--Texarkana 1999, pet. ref’d), cert. denied, 530 U.S. 1243, 120 S.Ct. 2689, 147 L.Ed.2d
961 (2000); Moone v. State, 728 S.W.2d 928, 930 (Tex. App.--Houston [14th Dist.] 1987,
no pet.) (citing Brown v. State, 156 Tex. Crim. 144, 240 S.W.2d 310, 311 (Tex. Crim. App.
1951); Lynch v. State, 687 S.W.2d 76, 77-78 (Tex. App.--Amarillo 1985, pet. ref’d)). Proof
of the beginning and the end of the chain will support admission of the evidence barring any
showing of tampering or alteration. Stoker, 788 S.W.2d at 10; Penley, 2 S.W.3d at 537. Any
gaps in the chain go to the weight of the evidence rather than to its admissibility. Stoker, 788
S.W.2d at 10; Penley, 2 S.W.3d at 537.
           In the present case, there was evidence presented from Officer Romero that he tagged
the evidence seized from Appellant with the police case number, the date, and his initials,
and he placed it in the police narcotics locker. He identified State’s Exhibit 3 as the chain
of evidence form he filled out and submitted into evidence. This form included Appellant’s
name as well as the case number, date, and Officer Romero’s initials. Therefore, the
beginning of the chain of custody was established.
           Rafael Tamez identified State’s Exhibit 3 and State’s Exhibit 2 as the complete two
pages of the chain of evidence form which contained all the above-mentioned information
which came with the envelope which contained the marihuana that he tested. The end of the
chain of evidence was established. As no evidence was presented that the evidence was
tampered with or altered, the chain of evidence is sufficient and there is sufficient evidence
to show Appellant possessed the marihuana. Issue No. One is overruled.
           In Issue No. Two, Appellant maintains that the court erred by allowing the State to
introduce into evidence the police department’s chain of evidence form because it was a
police document made for litigation purposes and it did not fall within any of the hearsay
exceptions. A trial court’s evidentiary rulings are reviewed under an abuse of discretion
standard. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opin. on
reh’g). As long as the trial court’s ruling on the admissibility of the evidence is within the
zone of reasonable disagreement, the ruling is not an abuse of discretion. Id.
           Appellant relies mainly upon the holding in Cole v. State, 839 S.W.2d 798 (Tex. Crim.
App. 1990) to support his contention that as the chain of evidence forms were generated by
law enforcement officers, they were inadmissible hearsay not included within the business-record exception to the hearsay rule. In Cole, the report of a Department of Public Safety
chemist who did not testify at trial was admitted into evidence as a business record. Id. at
799-800. The Court of Criminal Appeals held that the report was not admissible under the
public record exception to the hearsay rule, because that rule specifically excludes matters
observed by law enforcement officers. See id. at 804-05; Tex. R. Evid. 803(8). The Court
then held that the report was barred from admission under the business records exception to
the hearsay rule because it would be inconsistent to allow admittance under that rule when
is was specifically barred from admission under Rule 803(8). This is so notwithstanding that
fact that there is no specific exclusion to such reports under the business records exception. 
See Cole, 839 S.W.2d at 806; Tex. R. Evid. 803(6).
           However, in Pondexter v. State, 942 S.W.2d 577, 585 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997), the Court held that even though
an inventory list was generated by a police officer, it was a situation where the officer was
performing ordinary, routine duties regarding property taken in and out of the property room;
therefore, the report was admissible as a business record. Specifically, as there were no
subjective interpretations involved, the list qualified as a business record. Id.
           We have a similar situation in the present case. The information contained on the
chain of evidence forms involved routine information which did not involve any subjective
interpretation or analysis by the police personnel and the court did not err in admitting the
forms on that basis. See Johnston v. State, 959 S.W.2d 230, 239-40 (Tex. App.--Dallas 1997,
no pet.).
           We note that both forms contain the results of the tests performed by the toxicologists
showing the weight and the determination that the substance was marihuana. This may well
be the type of subjective interpretation barred under the holding in Cole. However, Tamez
testified regarding the results of his testing of the marihuana. Accordingly, the proper
admission of this testimony cured any possible error that may have occurred by admitting the
forms. See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999), cert. denied, 528
U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999). Issue No. Two is overruled.
           In Issue No. Three, Appellant argues that the court erred in allowing the State to
reopen their case-in-chief after they had rested. Tex. Code Crim. Proc. Ann. art. 36.02
(Vernon 1981) provides that the trial court, “shall allow testimony to be introduced at any
time before the argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.” “Due administration of justice” means the trial court should
reopen the case if the evidence would materially change the case in the proponent’s favor. 
See Peek v. State, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003). The proffered evidence must
be more that just relevant; it must actually make a difference in the case. Id. The trial court’s
decision is reviewed under an abuse of discretion standard. A trial court abuses its discretion
if it refuses to reopen a case when the witness is present and ready to testify, the request to
open has been made before the charge was read to the jury and final arguments were made,
the court has some indication of what the testimony will be and is satisfied that the testimony
is material and bears directly on the main issues in the case, and there is no showing that
introduction of the testimony will impede the trial or interfere with the orderly administration
of justice. See Sims v. State, 833 S.W.2d 281, 285-86 (Tex. App.--Houston [14th Dist.]
1992, pet. ref’d); Gibson v. State, 789 S.W.2d 421, 423 (Tex. App.--Fort Worth 1990, pet.
ref’d).
           Appellant maintains that as the evidence was available to the State before it rested,
this was simply a matter of a mistake on the part of the State and the court erred in allowing
the State to reopen. However, we note that after the State rested, and after Appellant had
moved for a directed verdict, the trial court queried how the chain of evidence had been
established as the form State’s Exhibit 2 did not indicate who had submitted that evidence
to the lab. It was then that the prosecutor asked to reopen in order to provide that
information which would complete the chain of evidence. We find that this falls within the
rule announced in Peek. Furthermore, there is no indication that testimony was not readily
available, the court did not know the tenure of the evidence, and allowing the State to reopen
impeded the trial or interfered with the orderly administration of justice. The court did not
abuse its discretion in allowing the State to reopen. Issue No. Three is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

February 16, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)