COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| ALYSHA SMITH | | |
| AKA: ALICIA SMITH | § | No. 08-10-00147-CR |
| Appellant, | § | Appeal from the |
| V. | § | County Criminal Court No. Two |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090C08139) |
| | § | |

**O P I N I O N**

Appellant appeals her conviction for the offense of driving while intoxicated. On appeal, Appellant complains there is insufficient evidence to support her conviction, and that the trial court erred in refusing to grant her motion for directed verdict on the grounds that the evidence is legally insufficient. We affirm.

On July 7, 2009, Deputies Joel Padilla and Cesar Paredes were conducting traffic control at the scene of a motor vehicle accident when they saw Appellant's vehicle pass by their location. As Deputy Padilla "[waved] the vehicles through," Appellant's vehicle caught his attention because it slowed down, and Appellant rolled down her window, despite the deputy's demand for her to keep going. After Appellant's vehicle departed the site, the two deputies continued to conduct traffic control, and while waiting for a wrecker to pick up the vehicle involved in the accident, they received another dispatch call, which indicated that there was a stalled vehicle at

the 400 block of East Vinton.[1] When Deputy Padilla arrived at East Vinton, he observed Appellant's vehicle in the middle of the road, "off to its side." Upon arriving at the scene, the fire officer on site related to Deputy Padilla what he had observed, and then Deputy Padilla approached Appellant's vehicle from the driver's side, whereas Deputy Paredes approached the passenger's side. When Deputy Padilla asked Appellant what was wrong, she answered that her boyfriend had grabbed the vehicle's wheel, and had removed the keys from the vehicle's ignition. Once Deputies Padilla and Paredes began talking to Appellant, they noticed a strong odor of alcohol emitting from her breath and person, that Appellant's speech was slurred, and that she had red, bloodshot eyes. Based on Appellant's statement, the deputies identified the passenger inside her vehicle as her boyfriend, who was highly intoxicated, had vomited all over himself, and was passed out. Upon asking Appellant whether she had been drinking, she replied, "yes," and then Deputy Padilla asked her to step outside of her vehicle. As she exited the vehicle, she was not able to maintain her balance, and almost fell down, so Deputy Padilla had to grab her upper right arm to steady her. The deputy then escorted Appellant to the rear of her vehicle, and he observed Appellant stagger as she walked to the back of it. When Appellant reached the back of the vehicle, Deputy Padilla asked her to put her hands on the trunk, and informed her that she was being arrested for driving while intoxicated. After Deputy Padilla placed handcuffs on Appellant and started escorting her to his patrol unit, Appellant began using force to pull away from him, and became belligerent and aggressive towards him. Several officers helped Deputy Padilla place Appellant inside his patrol unit, but Appellant continued to resist. Appellant yelled

---

[1] The 400 block of East Vinton was approximately a half mile away from the motor vehicle accident site.

profanities at the officers, and attempted to kick, bite, and spit at them. While inside the patrol unit, Appellant kicked the doors and windows, and so the officers decided to take her out for fear that she would hurt herself or damage the unit. The officers eventually carried Appellant to the nearest police station because she refused to walk on her own, and they placed Appellant inside a holding cell there.

The information charged Appellant with the Class B misdemeanor offense of "DRIVING WHILE INTOXICATED," and stated that "ON OR ABOUT THE 7TH DAY OF JULY, 2009 . . . DEFENDANT, WHILE OPERATING A MOTOR VEHICLE IN A PUBLIC PLACE, WAS INTOXICATED TO WIT: BY NOT HAVING THE NORMAL USE OF MENTAL AND PHYSICAL FACULTIES BY REASON OF THE INTRODUCTION OF ALCOHOL INTO THE BODY." At the conclusion of trial, the jury convicted Appellant of the charged offense, and assessed her punishment at imprisonment in the County Jail for a period of thirty days, probated for two years, and a fine of $500. Appellant subsequently appealed the judgment and sentence.

In Issue One, Appellant argues the evidence is legally insufficient to support her conviction for driving while intoxicated. In Issue Two, Appellant argues the evidence is factually insufficient to support her conviction for driving while intoxicated. However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is

sufficient to support each element of a criminal offense . . . ."). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue Two as a challenge to the legal sufficiency of the evidence. *See id*. In Issue Three, Appellant argues the trial court erred in denying her motion for instructed verdict on the grounds that the evidence is legally insufficient to support her conviction for driving while intoxicated. Appellant's third issue is in reality a challenge to the legal sufficiency of the evidence supporting her conviction, and so we will apply the standard of review applicable to a legal sufficiency challenge. *See Hopper v. State*, 86 S.W.3d 676, 678 (Tex.App.--El Paso 2002, no pet.). Because all three issues Appellant raises are based on a legal sufficiency analysis, we will address all of the issues together.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Id*. at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting this review, we must defer to the jury's role as the sole judge of the credibility and weight that testimony is to be afforded. *Id*. at 899.

On appeal, Appellant does not dispute that the State failed to prove any elements to support a conviction for DWI, except for the element of driving while intoxicated. Appellant cites to *McCafferty v. State*, 748 S.W.2d 489 (Tex.App.--Houston [1st Dist.] 1988, no pet.), to support her argument that "an accused having been intoxicated at the time the police arrived does not in itself prove such intoxication at the prohibited time, i.e, when the accused was driving." Appellant claims that *McCafferty* "held that proof that amounts only to a strong suspicion or mere probability in [sic] insufficient. In both direct and circumstantial cases the standard of

-4-

review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." We first note that the First Court of Appeals in *McCafferty* employed the "reasonable hypothesis" analytical construct in that case in concluding that there was insufficient evidence to support the defendant's DWI conviction, but this construct no longer applies because it has been abrogated by *Geesa v. State*, 820 S.W.2d 154, 160-61(Tex.Crim.App. 1991). The State is no longer required to negate every reasonable hypothesis other than the one establishing a defendant's guilt, and is required only to establish that guilt beyond a reasonable doubt. *Geesa*, 820 S.W.2d at 155. Furthermore, appellate courts now apply the same legal sufficiency analysis to cases proved by either circumstantial or direct evidence, and a conviction can be supported entirely by circumstantial evidence. *See Geesa*, 820 S.W.2d at 160-61.

A person commits an offense of driving while intoxicated if she is intoxicated while operating a motor vehicle in a public place. TEX.PEN.CODE ANN. § 49.04(a)(West 2011). Such an offense is a Class B misdemeanor, with a minimum confinement term of 72 hours. *Id*. at § 49.04(b). For evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between the defendant's intoxication and her driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). However, a conviction can be supported solely by circumstantial evidence. *Id*. at 462. In *Kuciemba*, the evidence established the officer arrived at the accident scene fifteen to twenty minutes after receiving a report that a motorcycle had been observed in the ditch by a passing motorist. *Id*. at 462. The officer first observed the defendant lying in the ditch next to his motorcycle, and the defendant proceeded to tell the officer that he had been operating the motorcycle on the county road immediately prior to losing control and landing in the ditch. *Kuciemba*, 310 S.W.3d at 462. The officer also observed the

-5-

defendant's symptoms of intoxication upon first encountering him. *Id*. at 462. In that case, there was no evidence of other persons, liquor, or liquor containers in the area where the officer found the defendant, or any other evidence to support an inference that the defendant had the means or opportunity of ingesting alcohol from the time he lost control of the motorcycle until the officer found him lying beside it in the ditch. *Id*. at 462-63. Reversing the lower court's decision that there was legally insufficient evidence to support the defendant's DWI conviction in *Kuciemba*, the Court of Criminal Appeals indicated: "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident . . . ." *Id*. at 462. The Court of Criminal Appeals also indicated that although the State did not offer any evidence to exclude the possibility that the defendant had ingested alcohol from the time he lost control of the motorcycle until the officer found him in the ditch, the State did not have to disprove every theoretical hypothesis besides guilt to meet its burden of proving guilty beyond a reasonable doubt. *Id*. at 463. The Court continues: "In this case, it can reasonably be inferred that the deputy found Blackman where he had come to rest after losing control of his motorcycle and that Blackman's state of intoxication at that time existed when he last operated the motorcycle on the county road." *Id*. at 463. Based on this rationale among others, the Court of Criminal Appeals reversed the court of appeals' judgment. *Id*. at 463.

In this case, the two deputies first observed Appellant driving a white vehicle at a very low speed past the site where the motor vehicle accident occurred, and they had to tell her to move on a few times. The deputies were then dispatched to the 400 block of East Vinton for a reported traffic hazard, and when they arrived, they saw the same white vehicle in the middle of the road, "off to its side." Approximately thirteen to fifteen minutes had gone by from the time

the deputies observed Appellant driving by the accident scene to their encounter with her on East Vinton. During this second encounter, the officers found Appellant in the driver's seat, and she related to Deputy Padilla that her boyfriend, a passenger in the vehicle, had grabbed the wheel and taken the key from the vehicle's ignition. Both deputies testified that they observed symptoms of Appellant's intoxication, including a strong odor of alcohol emanating from her breath and person, her red, bloodshot eyes, and her slurred speech. Upon asking Appellant whether she had been drinking, she replied, "yes," and then Deputy Padilla asked her to step outside of her vehicle. As she exited the vehicle, she was not able to maintain her balance, and almost fell down, so Deputy Padilla had to grab her upper right arm to steady her. Deputy Paredes testified that Appellant walked to the rear of the vehicle, "but she was stumbling. She couldn't maintain her balance." Moreover, Deputy Padilla testified that he did not observe any alcoholic containers in Appellant's vehicle that night.

On appeal, Appellant does not contest that she was intoxicated when the officers found her on East Vinton, but she argues that there was no evidence indicating she was intoxicated when she was driving past the accident scene during her first encounter with the deputies. However, Appellant's state of intoxication during her second encounter with the deputies, where her parked car created a traffic hazard on a public roadway, constitutes some circumstantial evidence that her state of intoxication combined with her operation of the motor vehicle led to this hazard. *See Kuciemba*, 310 S.W.3d at 462. Moreover, a mere thirteen to fifteen minutes had passed between her first and second encounter with the deputies, which supports a finding of a temporal link. *See Keenan v. State*, 700 S.W.2d 12, 14 (Tex.App.--Amarillo 1985, no pet.)(holding that jury reasonably concluded that defendant was guilty of driving while

intoxicated where there was a small time lapse between the first sighting of defendant behind the wheel of his vehicle with engine running and the second sighting when he was found intoxicated in his vehicle). Contrary to Appellant's argument that proof amounting only to a strong suspicion or mere probability is insufficient, the Court of Criminal Appeals has indicated that it "[does] not regard the State's burden of proving guilt beyond a reasonable doubt as requiring it to disprove every theoretical hypothesis other than guilt." *Kuciemba*, 310 S.W.3d at 463. As such, in meeting its burden of proof, the State did not have to offer any evidence to exclude the possibility that Appellant had ingested alcohol between the time the deputies first observed Appellant driving the vehicle to the time they encountered her in an intoxicated state in the parked vehicle. The jury could have reasonably inferred that Appellant drove from the accident scene to the 400 block of East Vinton, where her vehicle stalled, and that she was in a state of intoxication when she last operated the vehicle on the public road. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence in this case is legally sufficient to support the conviction. We also hold that the trial court did not err in denying Appellant's motion for directed verdict. Accordingly, we overrule all of Appellant's issues.

The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that she was informed of her rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of her right to file a *pro se* petition for discretionary review, and to

inform Appellant of the applicable deadlines. *See* Tex.R.App.P. 48.4, 68. Appellant's attorney is further ORDERED to comply with all of the requirements of Tex.R.App.P. 48.4.

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.


September 28, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)