MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY,
Petitioner,

v.

Craig B. MAY, Respondent.

No. B–8722.

Supreme Court of Texas.

April 2, 1980.

Rehearing Denied July 23, 1980.

Naman, Howell, Smith, Lee & Muldrow, Louis S. Muldrow and Larry O. Brady, Waco, for petitioner.

James R. Warncke, San Antonio, for respondent.

PER CURIAM.

This is an appeal of a personal injury suit arising from an auto-train collision at a railroad crossing. One night a motor vehicle driven by Craig May collided with a freight train owned by the Missouri-Kansas-Texas Railroad Company. At the time of the accident, the train was stopped and blocking the road on which May was traveling. The railroad crossing was marked only by an unlighted crossbuck sign. The crossing had no warning signals to alert motor-

ists that a train was either approaching or occupying the crossing.

May filed suit against the Missouri-Kansas-Texas Railroad Company seeking to recover his damages. May alleged that the railroad crossing in question was extra-hazardous and that the defendant railroad company was negligent in failing to install adequate warning devices. Trial was to a jury, and on its verdict, the trial court entered judgment that the plaintiff May take nothing from the defendant railroad company. The court of civil appeals reversed the judgment of the trial court and remanded the cause for new trial. 583 S.W.2d 694.

The court of civil appeals held that the trial court erred in three respects. First, the court of civil appeals held that the trial court erred in rejecting evidence of other accidents occurring under similar circumstances at the crossing in question. Second, the court of civil appeals held that the trial court erred in admitting a blood-alcohol test prepared from a sample of May's blood taken shortly after his arrival at Scott & White Hospital. Third, the court of civil appeals held that the trial court abused its discretion in refusing a trial amendment tendered by May at the close of his case-in-chief.

■ We agree that the trial court erred in excluding evidence of certain similar accidents. Evidence of earlier accidents which occurred under reasonably similar but not necessarily identical circumstances was admissible. *See Missouri Pac. RR. v. Cooper*, 563 S.W.2d 233, 236 (Tex.1978). The exclusion of these similar accidents, offered by May to support his contention that the crossing was extra-hazardous, was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R.Civ.P. 434, 503.

■ Our disposition of the present application for writ of error, however, should not be interpreted as approving the holding of the court of civil appeals that the trial court erred in admitting the blood-alcohol report as a business record of Scott & White Hos-

pital. The court held that because the report did not identify the person taking the blood from May and security measures used for the blood sample were absent, a chain of custody was not shown establishing that the blood analyzed actually came from May.

The hospital lab report of the results of a blood-alcohol test is admissible as a business record of the hospital when the evidence shows that the record was made in the regular course of business and the other requirements of Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon) are met. The objections to the report that are urged here may very well affect the weight and credibility of the record, but not its admissibility. *See Thomas v. Hogan*, 308 F.2d 355, 361 (4th Cir. 1962); *Wheeler v. United States*, 211 F.2d 19, 23 (D.C. Cir. 1953); *Sullivan v. Municipality of Anchorage*, 577 P.2d 1070, 1072 (Alaska 1978); *Woolley v. Hafner's Wagon Wheel, Inc.*, 22 Ill.2d 413, 176 N.E.2d 757, 760 (1961); *Thomas v. State*, 493 S.W.2d 832, 833 (Tex.Cr.App.1973); *Jackson v. State*, 159 Tex.Cr.R. 228, 262 S.W.2d 499, 501 (Tex.Cr.App.1953).

The court of civil appeals was correct, however, in reversing the judgment of the trial court and remanding the cause for new trial. Accordingly, the application for writ of error is refused, no reversible error.