**Dale Roy LYNCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–83–0266–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 11, 1985.

Carlton McLarty, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Hollis M. Browning, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Dale Roy Lynch brings this appeal from his conviction of driving while intoxicated and the consequent court-assessed punishment of ten days confinement in the county jail and a fine of $350.00. In appellant's first ground, he contends the court erred in admitting the results of a blood alcohol test over his objection that the State had failed to establish that the blood specimen used in the blood alcohol test was the same specimen taken from the suspect. We agree and, accordingly, reverse the conviction and remand the case for new trial.

As a result of a one-car accident, appellant was taken to the emergency room of Lubbock General Hospital at 4:43 a.m. on January 16, 1983. Dr. Craig Rhyne was the doctor on duty at the time of appellant's arrival. Dr. Rhyne testified that appellant appeared to have been involved in a motor vehicle accident and had suffered several facial lacerations. Appellant signed a consent to treatment form and, as a part of appellant's medical treatment, Dr. Rhyne ordered a blood alcohol test. The blood sample was drawn by a nurse on duty in the emergency room at the time. However, Dr. Rhyne did not know which nurse nor did he observe any label being placed on the sample taken from appellant. There is no testimony that Dr. Rhyne even observed the sample actually being taken from appellant.

Mrs. Barbara Kennedy, the Director of the Medical Records Department of the hospital, brought two emergency room records for a patient named Dale Lynch. She testified to the facts necessary to lay the predicate for the admission of the records under Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1985), i.e., the records were prepared in the course of the patient's treatment, the records were made in the regular course of business and were regularly maintained, the person who made the records had personal knowledge of the records and they were maintained under her care, custody, and control. The records contained the results of a blood alcohol test

and Dr. Rhyne was allowed to testify as to the results of that test and, based upon those results, a diagnosis of acute ethanol or alcohol intoxication. Dr. Dale F. Rector testified as to the results of the test and gave his conclusion, based upon those results, that at the time the test was made the patient did not have the normal use of his faculties and activities. He also testified that he did not know if the blood sample drawn from appellant was actually the sample tested in the lab.

The thrust of the State's argument is that the medical records were properly admitted under article 3737e and that any deficiencies in the identification of the person actually taking the blood or its chain of custody thereafter bear upon the weight rather than the admissibility of the test results. In support of this proposition, they cite the holding of the Texas Supreme Court in *Missouri-K-T.R. Co. v. May*, 600 S.W.2d 755, 756 (Tex.1980). While that holding certainly establishes that rule in civil cases in this State, we do not believe it applicable in criminal cases.

Under our unique system in this State, the court of last resort in criminal cases is the Court of Criminal Appeals and we believe that Court's holdings mandate a different result. It has long been established in this State that, as a condition precedent to the admission into evidence of the results of such a blood test, proof must be made that the specimen tested is the same specimen actually taken from the accused. *Brown v. State*, 156 Tex.Crim. 144, 240 S.W.2d 310, 311 (1951). 2 R. Ray, Texas Law of Evidence Civil and Criminal § 1430 (Texas Practice 3d ed. 1980, 1984 Supp.). While the State correctly asserts that the Court of Criminal Appeals has recognized the applicability of article 3737e to criminal cases, that Court has specifically cautioned that even though "the formal requirements for admissibility of such records may be shown, they are not to be admitted automatically; the indispensable fundamental trustworthiness of the proffered record must be evident." *Coulter v. State*, 494 S.W.2d 876, 883 (Tex.Crim.App.

1973). The teaching of *Brown* and *Coulter* is that in order to establish reliability sufficient to justify the admission in evidence of the results of a test such as this is, the State must show that the blood sample tested was the one actually drawn from the suspect as well as the proper chain of custody of that sample. The differences in the standard of proof in a criminal case and the far-reaching consequences of a criminal conviction more than justify the imposition of a more stringent rule in criminal than in civil cases.

Since this record does not show that the blood sample tested was the same as that drawn from appellant, the admission of the results of that test in evidence was error. Appellant's first ground of error is sustained. The disposition which we have made of this ground makes discussion of the remainder of appellant's grounds of error unnecessary.

The judgment of conviction is reversed and the cause remanded for new trial.