IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-192-CV




WESTERN COMPANY OF NORTH AMERICA,



 APPELLANT


vs.





SOUTHERN PACIFIC TRANSPORTATION COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT



NO. 86-294, HONORABLE OLIVER S. KITZMAN, JUDGE PRESIDING



 





 Southern Pacific Transportation Company recovered judgment for $132,023.11,
on the jury's verdict, in a negligence action against Western Company of North America arising
out of a train-truck collision. Western Company appeals. We will reverse the judgment and
remand the cause for a new trial.



THE CONTROVERSY



 The driver of Western Company's tractor-trailer rig stopped the rig at a stop sign
on Fayette County Road 140 before entering State Highway 154. As shown in the diagram, the
length of the rig left the trailer across the railroad track that ran parallel to State Highway 154. 
The tractor stalled. An oncoming Southern Pacific train struck the rig, causing extensive damage
to the rig and to the train and other property owned by Southern Pacific. (1)











 Southern Pacific sued Western Company alleging several grounds of negligence. 
Western Company answered by a general denial and a plea of contributory negligence. The plea
of contributory negligence was quite general -- that Southern Pacific's loss was proximately
caused by its own "failure to exercise ordinary care and such failure constitutes negligence of at
least fifty-one (51%) percent," barring any recovery against Western Company or diminishing any
such recovery in proportion if Southern Pacific's negligence was less than fifty-one percent. 
Southern Pacific did not challenge by special exception the generality of Western Company's
allegation of negligence.

 In the course of trial, the court below ruled inadmissible certain documentary and
testimonial evidence offered by Western Company. The excluded evidence tended to show that
about four years before the collision Southern Pacific moved its track from a previous position
to a position some twenty-six feet from State Highway 154, as indicated in the diagram. Other
parts of the excluded evidence tended to show that the moving of the track was part of a more
general re-design of the crossing area, undertaken to enable trains to increase their speed from
twenty miles per hour to sixty miles per hour. Western Company wished to show by this evidence
that locating the track so close to the intersecting highway amounted to a want of ordinary care
and was a proximate cause of the collision.

 Western Company contends on appeal that the trial-court's exclusion of the
evidence was reversible error. We agree.


DISCUSSION AND HOLDINGS



 Southern Pacific contends on the following theory that the trial court properly
excluded the evidence offered by Western Company: (1) the creation or maintenance of a crossing
that is "extra-hazardous" is a ground of railroad culpability separate and distinct from the ground
of "negligence"; (2) the substance of the excluded evidence was a showing that the crossing was
"extra-hazardous"; (3) therefore, the trial court properly excluded the evidence because it did not
come within Western Company's pleading, which alleged only contributory negligence as a basis
for avoiding or diminishing liability. Under this theory it was immaterial, of course, that
Southern Pacific did not object by special exception to the generality of Western Company's
allegation of "negligence." 

 The foregoing theory depends on the premise that liability resulting from an extra-hazardous crossing is not encompassed within the ground of negligence. (2) We believe that premise
is erroneous.

 The allegation that a crossing is extra-hazardous refers to one of two possible
contentions relative to securing the safety of a railroad crossing by some traffic-control measure
such as the presence of a flagman, mechanical warnings, gates, or wig-wag signals: (1) even
though no statute required such a measure, the common-law standard of ordinary care required
the measure in view of the severity of the hazard; or (2) a statute did require some such measure,
and it was supplied, but in view of the severity of the hazard some additional measure, over and
above the statutory measure, was required to satisfy the common-law standard of ordinary care. 
Charles L. Price, Extrahazardous Railroad Crossings, 7 Baylor L. Rev. 170, 170-72 (1955); 74
C.J.S. Railroads §§  727, 728, at 1346-52 (1951); see e.g., Galveston H. & S.A. Ry. Co. v.
Wells, 50 S.W.2d 247, 251 (Tex. 1932) ("Evidence showing that special circumstances
exist . . . which make the crossing unusually hazardous is held sufficient to justify submission to
a jury of the issue of the railroad's negligence at the time of the accident."); Southwest Stone Co.
v. Symons, 237 S.W.2d 380, 386 (Tex. Civ. App. 1934, writ dism'd) ("Defendant's assignments
that the pleadings . . . did not raise the issue of negligence [is without merit where] Plaintiff's
petition . . . specifically alleged that the crossing was especially dangerous as a nighttime
crossing . . . ."). It is obvious that these opinions, and many others like them, treat the question
of an extra-hazardous crossing as one referring to the duty element of a cause of action for
negligence, or a failure to observe ordinary care for the safety of others that proximately causes
injury to another.

 Nevertheless, Southern Pacific contends, these opinions do not mean what they say
because the ground of liability based on an extra-hazardous crossing is not the same as negligence
in view of the higher standard of care -- an obligation to use "extra-ordinary care" -- required in
the case of an extra-hazardous crossing; and the appellate courts simply have not taken the trouble
to assign to such ground a label equivalent to the "negligence" label which they use
indiscriminately and erroneously. Southern Pacific offers no authority for this contention; it is
evidently content to urge the contention a priori. We find no hint of authority for the contention. 
We find instead that the courts have uniformly and consistently treated the issue as one of ordinary
care -- what measures would a reasonably prudent person have taken in view of the fact that the
crossing was extra-hazardous -- within the negligence doctrine.

 The Western Company's allegation of contributory negligence was general, not
specific. When not excepted to, the plea of contributory negligence, in general terms, authorized
Western Company to introduce evidence of any specific ground of negligence. Agnew v. Coleman
County Elec. Coop., 272 S.W.2d 877, 879 (Tex. 1954), overruled on other grounds, Burk Royalty
Co. v. Walls, 616 S.W.2d 911, 925 (Tex. 1981); see also Yeager Elec. & Plumb. v. Ingleside
Cove L. & B., 526 S.W.2d 738, 742 (Tex. App. 1975, no writ) (stating that a party may plead
liability in general terms, and, if not excepted to, the pleading will authorize the introduction of
evidence to establish the validity of the claim). We hold, in consequence, that the trial court erred
when it excluded Western Company's evidence of negligence in the particulars mentioned above.
Tex. R. Civ. Evid. Ann. 103(a) (Pamph. 1991). Does the error require reversal of the trial-court
judgment? We believe it does.

 We are instructed as follows in Tex. R. App. P. Ann. 81(a) (Pamph. 1991):



No judgment shall be reversed on appeal . . . on the ground that the trial court has
committed an error of law in the course of the trial, unless the appellate court shall
be of the opinion that the error complained of amounted to such a denial of the
rights of the appellant as was reasonably calculated to cause and probably did cause
rendition of an improper judgment in the case . . . .



The origin and implications of this formulation are discussed in Robert W. Calvert, The
Development of the Doctrine of Harmless Error in Texas, 31 Tex. L. Rev. 1 (1952), and Edson
R. Sunderland, The Problem of Appellate Review, 5 Tex. L. Rev. 126, 146-48 (1927).

 We believe an examination of the whole record precludes a conclusion that the trial
court's exclusion of the evidence dealt only with a matter that was collateral, irrelevant, or
without probable relation to the judgment in the case. The excluded evidence tended to show a
specific, discreet ground of negligence on the part of Southern Pacific. Moreover, the trial court
excluded all the evidence pertaining to that ground, thereby denying Western Company any trial
at all on that independent ground of negligence which was, as we have held above, within its
pleadings. This is not a case, therefore, where the excluded evidence dealt with an incidental
matter or where it was cumulative of other evidence pertaining to the same ground of recovery.

 Appellate Rule 81(a) does not require that Western Company demonstrate that a
different judgment would necessarily have resulted but for the erroneous exclusion of the
evidence. Pittman v. Baladez, 312 S.W.2d 210, 216 (Tex. 1958). What then will satisfy the
requirement of an error that "was reasonably calculated to cause and probably did cause rendition
of an improper judgment in the case"? The meaning and scope of this requirement cannot, in all
likelihood, be encapsuled in a specific test or rule applicable in all circumstances. See Lorusso
v. Members Mut. Ins. Co., 603 S.W.2d 818, 821 (Tex. 1980). We believe, however, that the
decision in Missouri-Kansas-Texas R.R. Co. v. May, 600 S.W.2d 755, 756 (Tex. 1980), is
instructive by analogy in the present case.

 May drove his automobile, at night, into a railroad train that had stopped athwart
the roadway. The crossing was marked only by an unlighted crossbuck sign, and had no warning
signals of any kind to alert motorists that a train was approaching or occupying the crossing. May
"alleged that the railroad crossing . . . was extra-hazardous and that the defendant railroad
company was negligent in failing to install adequate warning devices." Id. The trial court
excluded May's evidence which tended to show the extra-hazardous character of the crossing -- evidence of six earlier automobile-train collisions, at the same crossing, which occurred under
reasonably similar, but not necessarily identical, circumstances. The trial court rendered a take-nothing judgment on the jury's verdict, which included their failure to find a want of ordinary care
by the railroad company and their failure to find that the crossing was extra-hazardous. The court
of appeals reversed the trial-court judgment, holding that the exclusion of the evidence showing
six other collisions was reversible error even though May had introduced other evidence of five
previous collisions. May v. Missouri-Kansas-Texas R.R. Co., 583 S.W.2d 694, 697 (Tex. Civ.
App. 1979), writ ref'd n.r.e., Missouri-Kansas-Texas R.R. Co. v. May, 600 S.W.2d 755 (Tex.
1980). In refusing the writ of error, the supreme court expressly agreed with the court of civil
appeals that exclusion of the evidence showing the six other collisions was reversible error, stating
the error "was reasonably calculated to cause and probably did cause the rendition of an improper
judgment in the case." May, 600 S.W.2d at 756.

 If the erroneous exclusion of evidence required reversal in May, under the
requirement of an error "reasonably calculated to cause and probably did cause the rendition of
an improper judgment in the case," then we fail to comprehend how the error in the present case
may be viewed as harmless. We hold accordingly.

 Southern Pacific complains by crosspoint of error that the trial court erred when
it denied Southern Pacific's motion for instructed verdict that Western Company take nothing by
its claim for property damage arising out of the collision. The motion was based on Southern
Pacific's contention that the counterclaim was barred by a statute of limitations.

 When such a motion is overruled by the trial court, "the ruling will be reviewed
on appeal only if it is recited in a formal order or in the judgment." 3 Roy W. McDonald, Texas
Civil Practice in District and County Courts § 11.29, at 215 (Frank W. Elliot ed., 1983); see
Superior Trucks, Inc. v. Allen, 664 S.W.2d 136, 145 (Tex. App. 1983, writ ref'd n.r.e.) and
authorities cited. The trial-court ruling in the present case is not preserved in a formal order or
in the judgment from which an appeal has been taken. We may not, therefore, consider the
crosspoint. We hold accordingly.

 For the reasons given above, we reverse the judgment and remand the cause to the
trial court for a new trial.




 

 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith]

Reversed and Remanded

Filed: November 27, 1991

[Publish]
1. [1]  Southern Pacific's employee, Jack Frost, was injured in the collision and was a plaintiff
below. Owing to a settlement and compromise of his claim against Western Company, his action
was dismissed and he is not a party on appeal.
2. [2]  For purposes of discussion only, we accept Southern Pacific's theory that the evidence
showed the crossing was an extra-hazardous one, creating only an attendant duty to provide some
measure to control motor-vehicle traffic, such as a crossing gate or flagman, to reduce the risk
of harm to within the scope of ordinary care. We should note, however, that Western Company
did not offer the excluded evidence strictly on that basis. Rather, the company offered the
evidence to show the construction of the new crossing was based upon an inherent design defect
resulting in a crossing that created an unreasonable risk of harm: tractor-trailer rigs on Fayette
County Road 140 could not be brought to a halt, in obedience to the stop sign twenty-six feet from
the new crossing, without being exposed to the danger of trains traveling at the newly possible
speed of sixty miles per hour.

 

 While it is true that Southern Pacific might have reduced the resulting risk by some
measure to control motor-vehicle traffic, it is also true, according to Western Company, that
Southern Pacific might have avoided creating the risk in the first instance by constructing a
crossing where the new track was at such a distance from the stop sign as to permit the rigs to
clear the new track. That the crossing was not so constructed was negligence and a proximate
cause of the collision, according to the excluded evidence. It appears that the evidence was
admissible on that basis alone. See Tex. Rev. Civ. Stat. Ann. arts. 6320, 6327 (1972) (placing
railroads under statutory duty to construct crossings "in proper condition for the traveling
public"); Paschall v. Gulf, C. & S. F. Ry. Co., 100 S.W.2d 183, 189 (Tex. Civ. App. 1937)
statutes place upon railroads a duty of ordinary care in constructing crossings), modified in other
respects, Campbell v. Paschall, 121 S.W.2d 593 (Tex. 1938); 65 Am. Jur. 2d Railroads §§ 480,
500, at 635, 651 (1972).


 Nevertheless, we consider in the text the only basis upon which the trial court acted
in excluding the evidence, and the only basis upon which the parties join issue here. As far as
we are able to determine, there is no other legal basis upon which the excluded evidence might
have been inadmissible.