**WESTERN COMPANY OF NORTH AMERICA, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

No. 3–90–192–CV.

Court of Appeals of Texas, Austin.

Nov. 27, 1991.

Rehearing Overruled Jan. 8, 1992.

Katherine L. Butler and Evelyn S. Tatum, Butler & Harris, Houston, for appellant.

Karl G. Johnson, Wilson, Grosenheider & Burns, Austin, for appellee.

Before POWERS, JONES and SMITH, JJ.

POWERS, Justice.

Southern Pacific Transportation Company recovered judgment for $132,023.11, on the jury's verdict, in a negligence action against Western Company of North America arising out of a train-truck collision. Western Company appeals. We will reverse the judgment and remand the cause for a new trial.

### THE CONTROVERSY

The driver of Western Company's tractor-trailer rig stopped the rig at a stop sign on Fayette County Road 140 before entering State Highway 154. As shown in the diagram, the length of the rig left the trailer across the railroad track that ran parallel to State Highway 154. The tractor stalled. An oncoming Southern Pacific train struck the rig, causing extensive dam-

age to the rig and to the train and other property owned by Southern Pacific.[1]

Southern Pacific sued Western Company alleging several grounds of negligence. Western Company answered by a general denial and a plea of contributory negligence. The plea of contributory negligence was quite general—that Southern Pacific's loss was proximately caused by its own "failure to exercise ordinary care and such failure constitutes negligence of at least fifty-one (51%) percent," barring any recovery against Western Company or diminishing any such recovery in proportion if Southern Pacific's negligence was less than fifty-one percent. Southern Pacific did not challenge by special exception the generality of Western Company's allegation of negligence.

In the course of trial, the court below ruled inadmissible certain documentary and testimonial evidence offered by Western Company. The excluded evidence tended to show that about four years before the collision Southern Pacific moved its track from a previous position to a position some twenty-six feet from State Highway 154, as indicated in the diagram. Other parts of the excluded evidence tended to show that the moving of the track was part of a more general re-design of the crossing area, undertaken to enable trains to increase their speed from twenty miles per hour to sixty miles per hour. Western Company wished

to show by this evidence that locating the track so close to the intersecting highway amounted to a want of ordinary care and was a proximate cause of the collision.

Western Company contends on appeal that the trial-court's exclusion of the evidence was reversible error. We agree.

## DISCUSSION AND HOLDINGS

Southern Pacific contends on the following theory that the trial court properly excluded the evidence offered by Western Company: (1) the creation or maintenance of a crossing that is "extra-hazardous" is a ground of railroad culpability separate and distinct from the ground of "negligence"; (2) the substance of the excluded evidence was a showing that the crossing was "extra-hazardous"; (3) therefore, the trial court properly excluded the evidence because it did not come within Western Company's pleading, which alleged only contributory negligence as a basis for avoiding or diminishing liability. Under this theory it was immaterial, of course, that Southern Pacific did not object by special exception to the generality of Western Company's allegation of "negligence."

The foregoing theory depends on the premise that liability resulting from an extra-hazardous crossing is not encompassed

---

1. Southern Pacific's employee, Jack Frost, was injured in the collision and was a plaintiff be-

low. Owing to a settlement and compromise of

within the ground of negligence.[2] We believe that premise is erroneous.

The allegation that a crossing is extra-hazardous refers to one of two possible contentions relative to securing the safety of a railroad crossing by some traffic-control measure such as the presence of a flagman, mechanical warnings, gates, or wig-wag signals: (1) even though no statute required such a measure, the common-law standard of ordinary care required the measure in view of the severity of the hazard; or (2) a statute *did* require some such measure, and it was supplied, but in view of the severity of the hazard some *additional* measure, over and above the statutory measure, was required to satisfy the common-law standard of ordinary care. Charles L. Price, *Extrahazardous Railroad Crossings*, 7 Baylor L.Rev. 170, 170–72 (1955); 74 C.J.S. *Railroads* §§ 727, 728, at 1346–52 (1951); *see e.g., Galveston H. & S.A. Ry. Co. v. Wells*, 121 Tex. 310, 50 S.W.2d 247, 251 (1932) ("Evidence showing that special circumstances exist ... which make the crossing unusually hazardous is held sufficient to justify submission to a jury of the issue of the railroad's negligence at the time of the accident."); *Southwest Stone Co. v. Symons*, 237 S.W.2d 380, 386 (Tex.Civ.App.1951, writ dism'd) ("De-

fendant's assignments that the pleadings ... did not raise the issue of negligence [is without merit where] Plaintiff's petition ... specifically alleged that the crossing was especially dangerous as a nighttime crossing...."). It is obvious that these opinions, and many others like them, treat the question of an extra-hazardous crossing as one referring to the duty element of a cause of action for *negligence*, or a failure to observe ordinary care for the safety of others that proximately causes injury to another.

Nevertheless, Southern Pacific contends, these opinions do not mean what they say because the ground of liability based on an extra-hazardous crossing is not the same as negligence in view of the higher standard of care—an obligation to use "extra-ordinary care"—required in the case of an extra-hazardous crossing; and the appellate courts simply have not taken the trouble to assign to such ground a label equivalent to the "negligence" label which they use indiscriminately and erroneously. Southern Pacific offers no authority for this contention; it is evidently content to urge the contention *a priori*. We find no hint of authority for the contention. We find instead that the courts have uniformly and

---

his claim against Western Company, his action was dismissed and he is not a party on appeal.

**2.** For purposes of discussion only, we accept Southern Pacific's theory that the evidence showed the crossing was an extra-hazardous one, creating only an attendant duty to provide some measure to control motor-vehicle traffic, such as a crossing gate or flagman, to reduce the risk of harm to within the scope of ordinary care. We should note, however, that Western Company did not offer the excluded evidence strictly on that basis. Rather, the company offered the evidence to show the *construction* of the new crossing was based upon an inherent design defect resulting in a crossing that created an unreasonable risk of harm: tractor-trailer rigs on Fayette County Road 140 could not be brought to a halt, in obedience to the stop sign twenty-six feet from the new crossing, without being exposed to the danger of trains traveling at the newly possible speed of sixty miles per hour.

While it is true that Southern Pacific might have reduced the resulting risk by some measure to control motor-vehicle traffic, it is also true, according to Western Company, that

Southern Pacific might have avoided creating the risk in the first instance by constructing a crossing where the new track was at such a distance from the stop sign as to permit the rigs to clear the new track. That the crossing was not so constructed was negligence and a proximate cause of the collision, according to the excluded evidence. It appears that the evidence was admissible on that basis alone. *See* Tex. Rev.Civ.Stat.Ann. arts. 6320, 6327 (1972) (placing railroads under statutory duty to construct crossings "in proper condition for the traveling public"); *Paschall v. Gulf, C. & S.F. Ry. Co.*, 100 S.W.2d 183, 189 (Tex.Civ.App.1937) (statutes place upon railroads a duty of ordinary care in constructing crossings), *modified in other respects, Campbell v. Paschall*, 132 Tex. 226, 121 S.W.2d 593 (1938); 65 Am.Jur.2d *Railroads* §§ 480, 500, at 635, 651 (1972).

Nevertheless, we consider in the text the only basis upon which the trial court acted in excluding the evidence, and the only basis upon which the parties join issue here. As far as we are able to determine, there is no other legal basis upon which the excluded evidence might have been inadmissible.

consistently treated the issue as one of ordinary care—what measures would a reasonably prudent person have taken *in view of the fact* that the crossing was extra-hazardous—within the negligence doctrine.

■ The Western Company's allegation of contributory negligence was general, not specific. When not excepted to, the plea of contributory negligence, in general terms, authorized Western Company to introduce evidence of any specific ground of negligence. *Agnew v. Coleman County Elec. Coop.*, 153 Tex. 587, 272 S.W.2d 877, 879 (1954), *overruled on other grounds, Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 925 (Tex.1981); *see also Yeager Elec. & Plumb. v. Ingleside Cove L. & B.*, 526 S.W.2d 738, 742 (Tex.App.1975, no writ) (stating that a party may plead liability in general terms, and, if not excepted to, the pleading will authorize the introduction of evidence to establish the validity of the claim). We hold, in consequence, that the trial court erred when it excluded Western Company's evidence of negligence in the particulars mentioned above. Tex.R.Civ. Evid.Ann. 103(a) (Pamph.1991). Does the error require reversal of the trial-court judgment? We believe it does.

We are instructed as follows in Tex. R.App.P.Ann. 81(a) (Pamph.1991):

No judgment shall be reversed on appeal ... on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case....

The origin and implications of this formulation are discussed in Robert W. Calvert, *The Development of the Doctrine of Harmless Error in Texas*, 31 Tex.L.Rev. 1 (1952), and Edson R. Sunderland, *The Problem of Appellate Review*, 5 Tex.L.Rev. 126, 146–48 (1927).

■ We believe an examination of the whole record precludes a conclusion that the trial court's exclusion of the evidence dealt only with a matter that was collat-eral, irrelevant, or without probable relation to the judgment in the case. The excluded evidence tended to show a specific, discrete ground of negligence on the part of Southern Pacific. Moreover, the trial court excluded *all* the evidence pertaining to that ground, thereby denying Western Company any trial at all on that independent ground of negligence which was, as we have held above, within its pleadings. This is not a case, therefore, where the excluded evidence dealt with an incidental matter or where it was cumulative of other evidence pertaining to the same ground of recovery.

Appellate Rule 81(a) does not require that Western Company demonstrate that a different judgment would necessarily have resulted but for the erroneous exclusion of the evidence. *Pittman v. Baladez*, 158 Tex. 372, 312 S.W.2d 210, 216 (1958). What then will satisfy the requirement of an error that "was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case"? The meaning and scope of this requirement cannot, in all likelihood, be encapsuled in a specific test or rule applicable in all circumstances. *See Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 821 (Tex.1980). We believe, however, that the decision in *Missouri–Kansas–Texas R.R. Co. v. May*, 600 S.W.2d 755, 756 (Tex.1980), is instructive by analogy in the present case.

May drove his automobile, at night, into a railroad train that had stopped athwart the roadway. The crossing was marked only by an unlighted crossbuck sign, and had no warning signals of any kind to alert motorists that a train was approaching or occupying the crossing. May "alleged that the railroad crossing ... was extra-hazardous and that the defendant railroad company was negligent in failing to install adequate warning devices." *Id.* The trial court excluded May's evidence which tended to show the extra-hazardous character of the crossing—evidence of six earlier automobile-train collisions, at the same crossing, which occurred under reasonably similar, but not necessarily identical, circumstances. The trial court rendered a

take-nothing judgment on the jury's verdict, which included their failure to find a want of ordinary care by the railroad company and their failure to find that the crossing was extra-hazardous. The court of appeals reversed the trial-court judgment, holding that the exclusion of the evidence showing six other collisions was reversible error even though May had introduced other evidence of five previous collisions. *May v. Missouri–Kansas–Texas R.R. Co.*, 583 S.W.2d 694, 697 (Tex.Civ.App. 1979), *writ ref'd n.r.e., Missouri–Kansas–Texas R.R. Co. v. May,* 600 S.W.2d 755 (Tex.1980). In refusing the writ of error, the supreme court expressly agreed with the court of civil appeals that exclusion of the evidence showing the six other collisions was reversible error; stating the error "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." *May,* 600 S.W.2d at 756.

If the erroneous exclusion of evidence required reversal in *May,* under the requirement of an error "reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case," then we fail to comprehend how the error in the present case may be viewed as harmless. We hold accordingly.

■ Southern Pacific complains by cross-point of error that the trial court erred when it denied Southern Pacific's motion for instructed verdict that Western Company take nothing by its claim for property damage arising out of the collision. The motion was based on Southern Pacific's contention that the counterclaim was barred by a statute of limitations.

When such a motion is overruled by the trial court, "the ruling will be reviewed on appeal only if it is recited in a formal order or in the judgment." 3 Roy W. McDonald, *Texas Civil Practice in District and County Courts* § 11.29, at 215 (Frank W. Elliot ed., 1983); *see Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 145 (Tex.App. 1983, writ ref'd n.r.e.) and authorities cited. The trial-court ruling in the present case is not preserved in a formal order or in the judgment from which an appeal has been taken. We may not, therefore, consider the crosspoint. We hold accordingly.

For the reasons given above, we reverse the judgment and remand the cause to the trial court for a new trial.