TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00202-CR






The State of Texas, Appellant



v.



David James Conway, Appellee







FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT


NO. 2364, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING







PER CURIAM

Appellee David James Conway is under indictment for two counts of intoxication
manslaughter arising from a three-car collision. Tex. Penal Code Ann. § 49.08 (West 1994). Conway
was injured in the collision and taken to Brownwood Regional Hospital, from which he was transferred to
Hendrick Hospital in Abilene. Samples of his blood were taken at both hospitals and tested for alcohol. 
Conway moved to suppress the test results. At the hearing on the motion, the State stipulated that the
persons who drew the blood samples are unknown and for that reason a chain of custody for the blood
samples cannot be established. Based on this stipulation, which was the only pertinent evidence adduced
at the hearing, the court ordered the test results suppressed because the State did not adequately identify
the blood tested as that taken from Conway. The State appeals. Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (West Supp. 1997).

The State contends the hospital laboratory reports containing the blood test results are
admissible as records of regularly conducted activity. Tex. R. Crim. Evid. 803(6). The State argues that
the break in the chain of custody goes to the weight of the evidence, not its admissibility. The State relies
on an opinion by the Supreme Court decided under the former business records act, the statutory
predecessor of rule 803(6). Missouri-K.-T. R.R. v. May, 600 S.W.2d 755, 756 (Tex. 1980); see Act
of May 14, 1951, 52d Leg., R.S., ch. 321, 1951 Tex. Gen. Laws 545 (Tex. Rev. Civ. Stat. Ann. art.
3737e, since repealed). In May, it was contended that a hospital blood alcohol report was erroneously
admitted because the report did not identify the person taking the blood sample, and security measures
used for the blood sample were absent. The Supreme Court rejected this contention, holding that the
objections to the report went to its weight and credibility, but not its admissibility.

Conway relies on another opinion under the business records act. Lynch v. State, 687
S.W.2d 76, 77-78 (Tex. App.--Amarillo 1985, pet. ref'd). In Lynch, a prosecution for driving while
intoxicated, the defendant was taken to a hospital following a one-car accident. The treating physician
ordered a blood alcohol test. The blood sample was drawn by an unidentified nurse. The doctor did not
observe the sample being taken or labeled. The court of appeals held that the blood test result was
erroneously admitted because the evidence did not show that the blood sample tested was taken from the
defendant or establish a proper chain of custody. The court acknowledged the holding in May, but
concluded that a more stringent rule applied in criminal cases.

In a leading opinion under former article 3737e, the Court of Criminal Appeals held that
the hearsay exception for business records "should be liberally construed, but not mechanistically applied. 
Even though the formal requirements for admissibility of such records may be shown, they are not to be
admitted automatically; the indispensable fundamental trustworthiness of the proffered record must be
evident." Coulter v. State, 494 S.W.2d 876, 883 (Tex. Crim. App. 1973). In Coulter, the court held
that a police memorandum summarizing the facts of the drug transaction for which the defendant was on
trial was erroneously admitted as a business record. While the predicate for its admission as a business
record was laid, the court concluded that the memorandum did not have "the indicia of reliability sufficient
to insure the integrity of the fact finding process commensurate with the constitutional right of confrontation
and cross-examination." Id. at 882.

In Brown v. State, 240 S.W.2d 310, 311 (Tex. Crim. App. 1951), a prosecution for
driving while intoxicated, the Court of Criminal Appeals held that a laboratory report purporting to show
the defendant's blood alcohol concentration was erroneously admitted in evidence. The court noted that
while the evidence showed that a specimen of the defendant's blood was taken at the hospital, there was
no probative evidence that this was the blood sample tested in the laboratory.

We review an order suppressing evidence for an abuse of discretion. State v. Carter ,
915 S.W.2d 501, 504 (Tex. Crim. App. 1996). Rule 803(6) provides that a properly authenticated
business record is admissible "unless the source of information or the method or circumstances of
preparation indicate lack of trustworthiness." On this record, the district court did not abuse its discretion
by concluding that the hospital laboratory reports were untrustworthy and therefore inadmissible under rule
803(6).

The district court's order is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: September 18, 1997

Do Not Publish



arising from a three-car collision. Tex. Penal Code Ann. § 49.08 (West 1994). Conway
was injured in the collision and taken to Brownwood Regional Hospital, from which he was transferred to
Hendrick Hospital in Abilene. Samples of his blood were taken at both hospitals and tested for alcohol. 
Conway moved to suppress the test results. At the hearing on the motion, the State stipulated that the
persons who drew the blood samples are unknown and for that reason a chain of custody for the blood
samples cannot be established. Based on this stipulation, which was the only pertinent evidence adduced
at the hearing, the court ordered the test results suppressed because the State did not adequately identify
the blood tested as that taken from Conway. The State appeals. Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (West Supp. 1997).

The State contends the hospital laboratory reports containing the blood test results are
admissible as records of regularly conducted activity. Tex. R. Crim. Evid. 803(6). The State argues that
the break in the chain of custody goes to the weight of the evidence, not its admissibility. The State relies
on an opinion by the Supreme Court decided under the former business records act, the statutory
predecessor of rule 803(6). Missouri-K.-T. R.R. v. May, 600 S.W.2d 755, 756 (Tex. 1980); see Act
of May 14, 1951, 52d Leg., R.S., ch. 321, 1951 Tex. Gen. Laws 545 (Tex. Rev. Civ. Stat. Ann. art.
3737e, since repealed). In May, it was contended that a hospital blood alcohol report was erroneously
admitted because the report did not identify the person taking the blood sample, and security measures
used for the blood sample were absent. The Supreme Court rejected this contention, holding that the
objections to the report went to its weight and credibility, but not its admissibility.

Conway relies on another opinion under the business records act. Lynch v. State, 687
S.W.2d 76, 77-78 (Tex. App.--Amarillo 1985, pet. ref'd). In Lynch, a prosecution for driving while
intoxicated, the defendant was taken to a hospital following a one-car accident. The treating physician
ordered a blood alcohol test. The blood sample was drawn by an unidentified nurse. The doctor did not
observe the sample being taken or labeled. The court of appeals held that the blood test result was
erroneously admitted because the evidence did not show that the blood sample tested was taken from the
defendant or establish a proper chain of custody. The court acknowledged the holding in May, but
concluded that a more stringent rule applied in criminal cases.

In a leading opinion under former article 3737e, the Court of Criminal Appeals held that
the hearsay exception for business records "should be liberally construed, but not mechanistically applied. 
Even though the formal requirements for admissibility of such records may be shown, they are not to be
admitted automatically; the indispensable fundamental trustworthiness of the proffered record must be
evident." Coulter v. State, 494 S.W.2d 876, 883 (Tex. Crim. App. 1973). In Coulter, the court held
that a police memorandum summarizing the facts of the drug transaction for which the defendant was on
trial was erroneously admitted as a business record. While the predicate for its admission as a business
record was laid, the court concluded that the memorandum did not have "the indicia of relia