NO. 07-00-0465-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 10, 2001



______________________________




JOHN B. LEWIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-432853; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Following his plea of not guilty, appellant John B. Lewis was convicted by a jury of
possession of methamphetamine, enhanced by three prior felony convictions, and
punishment was assessed by the trial court at 35 years confinement. Presenting nine
points of error, appellant challenges his conviction. By points of error one and two, he
contends the evidence is legally and factually insufficient to support his conviction. By
points three and four, he contends the trial court erred in overruling his objection to the
admission of his medical records on federal and state constitutional grounds, and by point
five, he contends the court's ruling regarding his medical records was erroneous because
the chain of custody of samples tested was not proven. Appellant's sixth and seventh
contentions are that the trial court erred in overruling his motion to suppress the results
of a urinalysis taken without his consent in violation of the United States and Texas
Constitutions. By his eighth point, he contends the trial court erred in sustaining the
State's objection to the testimony of Joey Pierce because the testimony was subject to a
hearsay exception. Appellant's ninth and final complaint is that the trial court erred in
overruling his objection to the charge because the evidence raised the issue of whether
appellant knew he possessed contraband. Based on the rationale expressed herein, we
affirm the conviction, but reform the judgment. (1) 

 On the evening of December 3, 1999, Officer Billy Joe Green of the Lubbock Police
Department responded to a report of a one-car accident. When he arrived at the scene,
he observed appellant outside the vehicle in a disoriented state. Appellant identified
himself to Green as Albert Aikman and stated that he was the driver of the vehicle. Green
noticed blood on the back of appellant's shirt and appellant was transported to the hospital
for treatment. Green remained at the scene and found appellant's driver's license and
discovered that he had misrepresented his identity. When the officer reported appellant's
true name to his dispatcher he discovered that a blue warrant had been issued for
appellant. Green proceeded to the hospital while Officer Scott completed the
investigation. Scott discovered that the vehicle appellant was driving was registered to
Raymond Campbell. 

 When Green entered the hospital emergency room, he observed appellant carrying
a black leather jacket and attempting to leave. Green, however, admitted at trial that he
could not recall whether appellant was wearing a jacket at the time of the accident. Green
called out to appellant using his true name and appellant responded. He was arrested and
a nurse assisted Green in placing him on a gurney. Appellant was handcuffed to the
gurney. The black jacket was on the gurney, although Green testified he did not know how
it got there. 

 Green observed appellant receiving medical attention. Appellant was asked by
medical personnel to give a urine sample without any direction, encouragement, or aid
from Green. When appellant stated that he could not give a sample the nurse began
gathering equipment to start a catheter. At that point appellant agreed to voluntarily
provide a sample, but was unable to produce any urine. A catheter was used to obtain a
sample and although appellant physically resisted, he did not verbally object to his urine
being taken by catheter. Officers Green and Scott became concerned for the safety of
medical personnel and restrained appellant on the gurney so that medical treatment could
be completed. At trial appellant's medical records were admitted over objection
establishing the presence of amphetamines and marijuana at the time he was treated.

 After Officer Green left the hospital and went to the police department to prepare
his report, he was relieved by Officer Day. While at the emergency room, Day discovered
a Norelco-type razor bag in the black jacket. Among other items, it contained three clear
plastic bags with what he believed to be methamphetamine and a single-edged razor
blade. After appellant was discharged from the emergency room, Scott transported him
to the police department and delivered the razor bag and its contents to Green. During
booking procedures, appellant observed Green examining the razor bag and without
prompting or questioning, appellant volunteered that the bag was not his and that he had
picked it up at the scene of the accident. Appellant signed an intake property record form
which, among other items of personal effects, listed that he had one coat, one Norelco
bag, and an electric cord. After conducting tests, Green secured the contraband and
checked it into the property room. Later, the contraband was removed from the property
room and delivered to the DPS crime lab for testing, where it was determined that the
contraband was 3.31 grams of methamphetamine. In addition to the contraband, over
$700 was found on appellant's person. 

 By his first two points, appellant contends the evidence is legally and factually
insufficient. We disagree. When both the legal and factual sufficiency of the evidence are
challenged, we must first determine whether the evidence is legally sufficient to support
the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental
rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that the defendant committed each element of the alleged offense. U.S.
Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen.
Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must
determine whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). 
As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. In
order to establish unlawful possession of a controlled substance, the State was required 
to prove that appellant exercised actual care, custody, control, or management of the
contraband and that he knew the substance he possessed was contraband. See Tex. Pen.
Code Ann. § 481.002(38) (Vernon Supp. 2001); see also King v. State, 895 S.W.2d 701,
703 (Tex.Cr.App. 1995); Martin v. State, 753 S.W.2d 384, 387 (Tex.Cr.App. 1988). These
elements may be established by circumstantial evidence. McGoldrick v. State, 682
S.W.2d 573, 578 (Tex.Cr.App. 1985). When the accused is not in exclusive possession
of the contraband, knowledge and control may be established by independent facts and
circumstances affirmatively linking the accused to the contraband. Brown v. State, 911
S.W.2d 744, 747 (Tex.Cr.App. 1995); Pollan v. State, 612 S.W.2d 594, 596 (Tex.Cr.App.
1981). "Affirmative links" is a shorthand expression of what must be proven to establish
that the accused possessed some kind of contraband knowingly or intentionally and is
used to evaluate the sufficiency of the evidence. Brown, 911 S.W.2d at 747. (2) Additionally,
it is the logical force of the factors individually or combined that determines whether the
State's evidence links the accused to the contraband. Trejo v. State, 766 S.W.2d 381, 385
(Tex.App.-Austin 1989, no pet.).

 In order to affirmatively link an accused to possession of contraband the evidence
must establish that his connection with the contraband was more than just fortuitous. 
Brown, 911 S.W.2d at 747. Presentation of false identification to an officer indicates a
"consciousness of guilt" and an awareness that an accused may need to conceal his true
identity from law enforcement officials. Felder v. State, 848 S.W.2d 85, 98 (Tex.Cr.App.
1992). Evidence of flight may be considered as a circumstance from which an inference
of guilt may be drawn. Foster v. State, 779 S.W.2d 845, 859 (Tex.Cr.App. 1989), cert.
denied, 494 U.S. 1039, 110 S.Ct. 1505, 108 L.Ed.2d 639 (1990). Whether an accused is
under the influence of contraband is an affirmative link tending to establish knowing
possession. Harris v. State, 994 S.W.2d 927, 933 (Tex.App.-Waco 1999, pet. ref'd). A
large amount of cash has also been considered as a factor in affirmatively linking an
accused to contraband. Brown v. State, 878 S.W.2d 695, 700 (Tex.App.-Fort Worth
1994), aff'd, 911 S.W.2d 744 (Tex.Cr.App. 1995). 

 The evidence established the following affirmative links proving appellant knowingly
possessed the methamphetamine:


 appellant provided false identification to Officer Green immediately
after the accident;
 upon arriving at the emergency room, Officer Green believed
appellant was attempting to leave;
 the results of the urinalysis showed appellant had amphetamines and
marijuana in his system;
 appellant did not deny ownership of the jacket when Officer Day
placed it on his shoulders after he was handcuffed for transportation
from the hospital to the police department;
 appellant had over $700 cash on his person; and
 appellant signed the intake property form acknowledging that he was
in possession of one "coat" when he was booked. 


 

Although the evidence is circumstantial, after viewing it in the light most favorable to the
verdict, we conclude that any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. 

 Concluding that the evidence is legally sufficient to support the verdict, we must
now determine whether the evidence is factually sufficient. After a neutral review of all the
evidence, we do not find that it demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury's decision. Based on the logical force of the factors
discussed above, and without substituting our own judgment, we conclude that the
evidence is factually sufficient to affirmatively link appellant to knowingly possessing
methamphetamine. Appellant's first and second points are overruled.

 By his third and fourth points, appellant contends the trial court erred by overruling
his objection to the introduction of medical records because their introduction was hearsay
in violation of his State and Federal Constitutional rights. We disagree. Medical records
are admissible under the "business records exception" to the hearsay rule if the proper
predicate has been laid. Tex. R. Evid. 803(6); Knapp v. State, 942 S.W.2d 176, 180
(Tex.App.-Beaumont 1997, pet. ref'd). The predicate necessary for introduction of a
business record may be shown by the testimony of the records custodian. Id. The State
laid this predicate by calling Beverly Houk, the records custodian at the hospital where
appellant was treated. Therefore, appellant's third and fourth points are overruled.

 Appellant contends by his fifth point of error that the necessary chain of custody
was not proved and thus the urinalysis results should have been inadmissible. We
disagree. Appellant relies on Lynch v. State, 687 S.W.2d 76 (Tex.App.-Amarillo 1985,
pet. ref'd), for the proposition that if the proper chain of custody is not proven, the evidence
is inadmissible. We agree with appellant's interpretation of this case; however, it is
inapplicable in this situation. The State admitted various hospital records that matched the
identity of appellant to the urinalysis. Additionally, Officer Green testified that he observed
the nurse at the hospital take the urine sample. Unlike the situation in Lynch, the evidence
presented in the underlying case satisfies the necessary chain of custody requirement
because the evidence establishes the commencement and conclusion of the necessary
chain of custody. Stoker v. State, 788 S.W.2d 1, 10 (Tex.Cr.App. 1989), cert. denied, 498
U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Any discrepancy goes to weight of the
evidence and not its admissibility. Id. Appellant's fifth point is overruled.

 By points six and seven, appellant contends the urinalysis was taken without his
consent and thus, constituted a search not subject to any exception to the warrant
requirement, in violation of the State and Federal Constitutions. We disagree. When an
accused contends that evidence has been seized from him in violation of his constitutional
rights, he bears the initial burden of proving that the government or a private party acting
at the behest of the government has seized the evidence in question without a warrant. 
Russell v. State, 717 S.W.2d 7, 9 (Tex.Cr.App. 1986). In St. Clair v. State, 26 S.W.3d 89,
101-02 (Tex.App.-Waco 2000, pet. ref'd), the defendant claimed that hospital personnel
obtained a blood sample from him in violation of his constitutional rights and that the
results of the blood test should have been excluded from evidence. The court concluded
from the record that the accused had failed to satisfy his burden of showing that hospital
personnel were acting as instruments or agents of law enforcement when his blood was
drawn and tested, and thus, his constitutional rights had not been implicated. Appellant
does not refer this Court to any evidence and we have found none indicating that his urine
sample was taken and tested at the direction of law enforcement officers or that the nurse
who took the specimen was acting at the behest of the government. Therefore, appellant's
constitutional rights were not infringed. 

 Appellant relies on Ferguson v. City of Charleston, 532 U.S. 67, 121 S.Ct. 1281,
149 L.Ed.2d 205 (2001), to support his contention. However, Ferguson is factually
distinguishable from the situation because the urine samples in Ferguson were taken in
anticipation that the results would be turned over to law enforcement officials. Appellant's
urine was taken for medical treatment and not at the request of law enforcement. In fact,
there is no evidence that appellant was suspected of drug use until after the sample was
taken. Therefore, appellant's sixth and seventh points are overruled. 

 By his eighth point of error, appellant contends the trial court erred in sustaining the
State's objection to the testimony of Joey Pierce because the testimony was an exception
to the hearsay rule. We disagree. The admissibility of hearsay testimony is a question
for the trial court to resolve and is reviewable under an abuse of discretion standard. 
Coffin v. State, 885 S.W.2d 140, 149 (Tex.Cr.App. 1994). A trial court's ruling will be
upheld if it is within the zone of reasonable disagreement. Salazar v. State, 38 S.W.3d
141, 153-54 (Tex.Cr.App. 2001), cert denied, __U.S.__, No. 00-10389, 2001 WL 649861
(Oct. 1, 2001). This Court's role is limited to determining whether the record supports the
trial court's ruling. Coffin, 885 S.W.2d at 149. 

 Appellant met Pierce while in jail and by Pierce's testimony, appellant sought to
establish that the jacket containing the contraband belonged to someone else. Out of the
jury's presence, Pierce testified that the jacket belonged to Michael Hinkle and that Hinkle
had been accusing people of stealing his jacket that contained his "dope." Based on Rule
803(24) of the Texas Rules of Evidence, the State objected to Pierce's testimony because
there was no independent corroboration. The trial court sustained the objection as to any
statements made by Hinkle, but ruled that Pierce could testify regarding identification of
the jacket. Following the trial court's ruling, however, Pierce did not testify before the jury
and the defense rested. No corroborating evidence was offered by the defense. Thus,
based on this record, we conclude that the trial court did not abuse its discretion in
sustaining the State's objection. Appellant's eighth point is overruled.

 By his ninth and final point, appellant contends the trial court's jury charge was
inadequate in defining possession. The court's charge included paragraphs defining the
terms "possession," "intent," and "knowledge." However, appellant contends that the
charge should have contained a clause on the defense of lack of knowledge as follows:

 If you find from the evidence, or if you have a reasonable
doubt thereof, that Defendant did not know that the alleged
controlled substance, if any, was in his coat at the time of its
seizure by the officer, if they were, and that same was not the 
property of Defendant, you will acquit the defendant. 


Appellant's request negates the knowledge element of the offense without negating the
entire offense. However, lack of knowledge is not a statutory defense or justification for
criminal responsibility. See, e.g. Tex. Pen. Code Ann. §§ 8.01 - 9.63. The Court of
Criminal Appeals has held that a specific instruction negating an element is an
unwarranted comment on the weight of the evidence. See Geisberg v. State, 984 S.W.2d
245, 249-50 (Tex.Cr.App. 1998), cert. denied, 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d
51 (1999). Moreover, because the Legislature has not recognized lack of knowledge as
a defense, the trial court did not err in refusing the requested instruction. Appellant's ninth
point is overruled. 

 Appellant was convicted of possession of methamphetamine, a third degree felony. 
See Tex. Health & Safety Code Ann. § 481.102(6) (Vernon Supp. 2001). A third degree
felony is punishable by confinement for two to ten years. Tex. Pen. Code Ann. § 12.34(a)
(Vernon 1994). However, appellant's conviction was enhanced by three prior felony
convictions, to wit: (1) on January 12, 1995, appellant was convicted for burglary of a
motor vehicle in cause number 36,417 in the 59th District Court of Grayson County; (2) on
October 14, 1988, appellant was convicted of theft in cause number 86-404,100 in the
72nd District Court of Lubbock County; and (3) on April 1, 1986, appellant was convicted
of possession of amphetamine in cause number 4,363 in the District Court of Baylor
County. Pursuant to section 12.42(d) of the Texas Penal Code Annotated (Vernon Supp.
2001), appellant was sentenced to 35 years confinement as a habitual felony offender. 
The judgment in the clerk's record however, reflects that appellant was convicted of a
second degree felony and does not indicate that the conviction was enhanced. Thus, we
reform the judgment to correctly reflect that appellant was convicted of a third degree
felony, and that the conviction was enhanced by three prior felony convictions.

 Accordingly, as reformed, the judgment of the trial court is in all other respects
affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. Appellant was convicted of possession of more than one, but less than four grams
of methamphetamine, a third degree felony, enhanced by three prior felony convictions. 
Tex. Health & Safety Code Ann. § 481.115(c) (Vernon Supp. 2001). The judgment
however, reflects that appellant was convicted of a second degree felony with no
enhancements. 
2. Factors that have been considered affirmative links include: 1) the defendant's
presence when a search warrant was executed; 2) whether the contraband was in plain
view; 3) the defendant's proximity to and the accessibility of the narcotic; 4) whether the
defendant was under the influence of narcotics when arrested; 5) whether the defendant
possessed other contraband when arrested; 6) whether the defendant made incriminating
statements when arrested; 7) whether the defendant attempted to flee; 8) whether the
defendant made furtive gestures; 9) whether there was an odor of the contraband; 10)
whether other contraband or drug paraphernalia was present; 11) whether defendant
owned or had the right to possess the place where the drugs were found; and 12) whether
the place the drugs were found was enclosed. Green v. State, 892 S.W.2d 220, 222
(Tex.App.-Texarkana 1995, pet. ref'd).